IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY DEBERRY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05 C 10655 |
| VILLAGE OF MATTESON, ILLINOIS, et al., | ) HONORABLE CHARLES R. NORGLE |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Defendants' Motion to Dismiss that the court converted into a Motion for Summary Judgment. For the following reasons, Defendants' Motion for Summary Judgment is granted.

**I. BACKGROUND**

**A. Facts**

This case arises out of the arrest of Plaintiff Wesley Deberry ("Deberry") by police officers for attempted burglary. On February 19, 2003, Valerie Lane ("Lane") called the Matteson, Illinois Police Department to report that her car had been burglarized. Matteson Police Officer Defendant Sara Meister ("Meister") responded to Lane's call at the Lincoln Mall, in Cicero, Illinois. Accompanied by her daughter, Lane told Meister that she saw an African-American male near her car, and that he began to walk away from her as she approached him. When Lane reached her automobile, she saw that the driver's side window was

1

broken out, and a vehicle parked right next to her car was running with no occupants. Lane asked the African-American male if he saw anyone break her window, to which he replied "no." The male then immediately got into the still-idling car next to Lane's, and drove off. Lane observed that the African-American male had "hurried" to his car, and "quickly" left the scene. Lane then called the police, and gave a description of the vehicle, the African-American male, as well as the car's licence plate. Meister issued an Illinois State Police Emergency Radio Network ("ISPERN") broadcast that include the African-American man's description, as well as the vehicle's description and license plate number.

Park Forest Police Corporal Green ("Green") arrested Deberry at his home in Park Forest. Meister arrived at the location of the stop and conducted a "show-up" with Lane and her daughter, where they positively identified Deberry as the man Lane saw at the Lincoln Mall. Deberry was subsequently taken into custody for suspicion of burglary. According to Meister, a custodial search of Deberry uncovered three screwdrivers and a spark plug.

Meister and Sergeant Rod Debeikis ("Debeikis") interrogated Deberry about Lane's car at the Matteson police station. The officers read Deberry his Miranda rights, and Deberry signed a written waiver of these rights. During the course of the interrogation, Deberry admitted to the attempted burglary and gave the officers a written statement of how he committed the crime. Shortly thereafter, police officers from Olympia Fields and Park Forest took Deberry into custody and interrogated him regarding burglaries in their jurisdictions. Deberry admitted to several other burglaries in both Olympia Fields and Park Forest.

Then, on March 18, 2003, the Circuit Court of Cook County found that probable cause existed for the attempted burglary charge filed by Meister, in addition to the other charges against

Deberry in Olympia Fields and Park Forest.

## B. Procedural History

On December 7, 2005, Deberry filed his Amended Complaint, alleging false arrest and imprisonment, conspiracy to violate civil rights, violation of civil rights, all pursuant to 42 U.S.C ¶ 1983, unlawful search and seizure under the Fourth Amendment, and malicious prosecution. On May 10, 2006, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Deberry filed his Response on May 17, 2006, and Defendants Replied on May 31, 2006. Then, on June 14, the court converted the Motion to Dismiss to a Motion for Summary Judgment. Defendants rested on their arguments contained in their Motion to Dismiss. However, Deberry did not file any supplemental briefing. The Motion for Summary Judgment is fully briefed and before the court.

## II. DISCUSSION

## A. Standard of Review

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©. The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Szymanski v. Rite-Way Lawn Maintenance Co., 231 F.3d 360, 364 (7th Cir. 2000); see also Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works

Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See FED. R. CIV. P. 56©; see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. See Szymanski, 231 F.3d at 364. Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d. 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Deberry's Claims

### *1. Probable Cause Determination*

Deberry asserts that Meister or Green lacked probable cause to arrest him, and therefore violated his rights under § 1983. Specifically, Deberry alleges that "[D]efendants arrested and imprisoned plaintiff without probable cause. . . ." Am. Compl., ¶ 63.

4

In order for a law enforcement officer to posses probable cause for an arrest, he or she must "reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect has committed or was committing an offense." United States v. Parra, 402 F.3d 752, 764 (7th Cir. 2005) (quoting Payne v. Pauley, 337 F.3d 767, 776 (7th Cir. 2003)). The officer's determination of probable cause centers around "an exercise of judgment which 'turns on the assessment of probabilities in particular factual contexts, not readily, or even usefully, reduced to a neat set of facts.'" Id. (quoting Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir. 1993)). The probable cause standard "applies to all arrests, without the need to 'balance' the interest and circumstances involved in particular situations." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (quoting Dunaway v. New York, 442 U.S. 200, 208 (1979)); United States v. Breit, 429 F.3d 725, 728 (7th Cir. 2005) ("[P]robable cause is a fluid concept based on common-sense interpretations of reasonable police officers. . . .") (quoting United States v. Brown, 366 F.3d 456, 458 (7th Cir. 2004)). "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 US 213, 245 n. 13 (1983).

Probable cause "to arrest is an absolute defense to any claim under Section 1983 against police officer for wrongful arrest, false imprisonment, or malicious prosecution." Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) (quoting Potts v. City of Lafayette, 121 F.3d 1106, 1113 (7th Cir. 1997). An "*ex parte* finding of probable cause such as grand jury indictment provides adequate assurance that the [arrest] is not unjustified." Gilbert v. Homar, 520 U.S. 924, 934 (1997) (quoting FDIC v. Mallen, 486 U.S. 230, 240-41 (1988)).

Furthermore, under the "collective knowledge" doctrine, when "law enforcement officers

5

are in communication regarding a suspect, the knowledge of one officer can be imputed to the other officers." United States v. Lenoir, 318 F.3d 725, 728 (7th Cir. 2003). The officers who actually make the arrest "need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer. . . ." Parra, 402 F.3d at 764. In such a case, "the arrest is proper so long as the knowledge of the officer directing the arrest, or the collective knowledge of the agency he works for, is sufficient to constitute probable cause." Id. With these principles in mind, we turn to Deberry's claims.

### 2. *The Defendants possessed probable cause to arrest Deberry*

Based on the "facts and circumstances within [Meister's and Green's] knowledge at the time of the arrest," the court finds that probable cause existed to arrest Deberry for attempted burglary. See United States v. Parra, 402 F.3d 752, 764 (7th Cir. 2005) (quoting Payne v. Pauley, 337 F.3d 767, 776 (7th Cir. 2003)). First, Lane, an eyewitness, identified Deberry as the man who was next to her car at the Lincoln Mall, and the licence plate number of the car matched the car that Deberry was driving. Her daughter also identified Deberry as the man in the parking lot. A custodial search of Deberry subsequent to his arrest uncovered burglary tools. Moreover, Deberry was read, and waived, his Miranda rights, and confessed not only to the attempted burglary charge of Lane's car, but also to several other burglaries in neighboring towns.

Additionally, the court notes that while Green did not personally know all the facts that were known to Meister, under the collective knowledge doctrine, the facts known to Meister at the time she placed the ISPERN call are imputed to Green. See Lenoir, 318 F.3d at 728. As a result, Green had probable cause to arrest Deberry.

Deberry spends considerable time arguing that his confession is involuntary because his

6

parents were not present during the interrogations. Specifically, Deberry claims that his parents were "denied the chance to speak with or see him." Pl.s' Resp. to Mot. for Summ. J., at 3; see also Am. Compl., ¶¶ 24, 26, 29, 31, 44. Additionally, Deberry alleges that because he was seventeen years old at the time of his arrest, he was a minor. See id., ¶ 1.

However, the basis for Deberry's argument "relies on a faulty premise." Bridges v. Chambers, 447 F.3d 994, 998 (7th Cir. 2006). The Illinois Legislature has spoken directly as to this issue and "declared that a juvenile is someone *under* the age of 17." Id; see 705 ILL. COMP. STAT. 405/5-105(3) ("'Delinquent minor' means any minor who prior to his or her 17th birthday . . . ."). Therefore, the fact that Deberry's parents were not allowed to see him while police interrogated him does not render his confession involuntary.

Because the court finds that the arresting officers possessed the requisite probable cause to charge Deberry with attempted burglary, Deberry cannot sustain claims of false imprisonment, false arrest, violations of § 1983, or conspiracy to violate § 1983. The only inferences the court can make based on the evidence submitted by the parties is that the Defendants possessed the necessary probable cause to arrest Deberry. As a result, there is "no genuine issue of material fact," and the Defendants are "entitled to summary judgment as a matter of law." Burnett v. LFW, Inc., 472 F.3d 471, 477 (7th Cir. 2006).

## III. CONCLUSION

For the foregoing reasons, the court grants Defendant's Motion for Summary Judgment. Additionally, the court relinquishes jurisdiction on the remaining state law claims.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 2-1-07